[Cite as *State v. Grogan*, 2017-Ohio-205.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| JUAN R. GROGAN, JR., | : | Case No. 2016CA00128 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:           Appeal from the Stark County Court
                                   of Common Pleas, Case No. 2016-
                                   CR-0481

JUDGMENT:                          Affirmed

DATE OF JUDGMENT:                  January 17, 2017

APPEARANCES:

For Plaintiff-Appellee                          For Defendant-Appellant

JOHN D. FERRERO                                 DONOVAN HILL
Prosecuting Attorney                            116 Cleveland Ave., North
                                                Canton, Ohio 44702
By: KRISTINE W. BEARD
Assistant Prosecuting Attorney
Appellate Section
110 Central Plaza South, Suite 510
Canton, Ohio 44702-1413

*Baldwin, J.*

{¶1}  Defendant-appellant Juan Romero Grogan, Jr. appeals his conviction and sentence from the Stark County Court of Common Pleas on one count of failure to comply with order or signal of police officer. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}  On April 11, 2016, the Stark County Grand Jury indicted appellant on one count of failure to comply with order or signal of a police officer in violation of R.C. 2921.331(B)(C)(5)(a)(ii), a felony of the third degree, one count of falsification in violation of R.C. 2921.13(A)(1), a misdemeanor of the first degree, and one count of obstructing official business in violation of R.C. 2921.32(A)(1), a misdemeanor of the first degree. At his arraignment on April 15, 2016, appellant entered a plea of not guilty to the charges.

{¶3}  Subsequently, a jury trial commenced on May 31, 2016. At the trial, Canton Police Officer Billy Lott, the only witness to testify at trial, testified that on December 1, 2015, he was working with his partner, Officer Bryan Jeffries. Both were in uniform in a marked car when, at approximately 9:30 p.m., they responded to a noise complaint at the 17th block of Market Avenue. While they were in the area, they observed appellant drive by in a Cadillac right in front of them. Officer Lott testified that both he and his partner were familiar with appellant, who had outstanding warrants.   He testified that as appellant drove by, they confirmed that the warrants were still active.

{¶4}  The officers then followed appellant and initiated a traffic stop. Appellant pulled his vehicle to the side of the road. Officer Lott testified that as they approached appellant's vehicle, the vehicle took off at a high rate of speed. The two officers then ran

back to their cruiser, got into the same and started pursuing appellant's vehicle with the lights and sirens on. When asked what happened next, Officer Lott testified that they were told to terminate their pursuit because "the roads were wet and speeds were getting way too high." Trial Transcript at 118. He testified that they had been going 70 miles per hour on wet roads and that appellant was going "much faster" than 70 miles per hour in a 25 mile per hour zone. Trial Transcript at 119. Appellant, according to the officer, ran through a minimum of 4 red lights.

{¶5} The officers then continued to travel in the known path of appellant's vehicle and found appellant's vehicle crashed into a fence. Appellant, who was running towards the expressway, was not apprehended that evening and a warrant was issued for his arrest.

{¶6} On cross-examination, Officer Lott testified that it was dark on December 1, 2015. He testified that as they followed appellant's vehicle, the police cruiser was never beside appellant's vehicle and that they the cruiser parked behind appellant's vehicle when they pulled it over. Officer Lott further testified that he was at the front of the police cruiser when appellant's vehicle took off and that the officers never had the chance to approach the vehicle.

{¶7} At the conclusion of the evidence and the end of deliberations, the jury, on May 31, 2016, found appellant guilty of failure to comply with order or signal of a police officer. The remaining charges, which had been severed, were dismissed. Pursuant to a Journal Entry filed on June 6, 2016, appellant was sentenced to twelve months in prison and his driver's license was suspended for a period of three years.

{¶8} Appellant now raises the following assignment of error on appeal:

{¶9} APPELLANT'S CONVICTIONS WERE AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.

I

{¶10} Appellant, in his sole assignment of error, argues that his conviction for failure to comply with order or signal of a police officer is against the manifest weight and sufficiency of the evidence. We disagree.

{¶11} The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different. *State v. Thompkins,* 78 Ohio St.3d 380, 1997–Ohio–52, 678 N.E.2d 541, paragraph two of the syllabus. The standard of review for a challenge to the sufficiency of the evidence is set forth in *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492 (1991) at paragraph two of the syllabus, in which the Ohio Supreme Court held as follows: "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."

{¶12} In determining whether a conviction is against the manifest weight of the evidence, the court of appeals functions as the "thirteenth juror," and after "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly

lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered." *State v. Thompkins,* supra, 78 Ohio St.3d at 387. Reversing a conviction as being against the manifest weight of the evidence and ordering a new trial should be reserved for only the "exceptional case in which the evidence weighs heavily against the conviction." *Id.*

{¶13} We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. DeHass,* 10 Ohio St.2d 230, 237 N.E.2d 212 (1967). The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger,* 77 Ohio St.3d 415, 418, 1997–Ohio–260, 674 N.E.2d 1159.

{¶14} Appellant in the case sub judice was convicted of failure to comply with order or signal of a police officer in violation of R.C. 2921.331(B)(C)(5)(a)(ii). Such section states as follows:

(B) No person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop.

(C)(1) Whoever violates this section is guilty of failure to comply with an order or signal of a police officer….

(5)(a) A violation of division (B) of this section is a felony of the third degree if the jury or judge as trier of fact finds any of the following by proof beyond a reasonable doubt:…

(ii) The operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property.

{¶15} Appellant, in his brief, specifically contends that Officer Lott's eyewitness testimony was not credible and was insufficient to identify appellant as the driver of the vehicle. Appellant notes that it was dark outside and that Officer Lott admitted that he never made contact with the driver of the vehicle. He also points out that Officer Lott viewed the driver of the vehicle from the passenger side of the vehicle and that the police cruiser and the vehicle never faced each other head on. Appellant also emphasizes that the officers were always behind the vehicle in their cruiser and that after they found the vehicle crashed, they saw the back of the driver running towards the expressway. Moreover, appellant stresses that the vehicle was never tested for DNA evidence or fingerprints, that the officers never contacted the registered owner of the vehicle, who was a woman, to see if she had any information, and that the Officer Lott failed to keep his body camera running during the investigation.

{¶16} However, in viewing the testimony in the light most favorable to the prosecution, we find that any rational trier of fact could have found appellant guilty of failure to comply with order or signal of police officer. We further find that the jury did not lose its way in convicting appellant. As is stated above, Officer Lott testified that he was familiar with appellant and that as they were sitting at 17th and Market facing east, they saw appellant drive past in front of them. He testified on redirect that the area was well lit by overhead lights and that the cruiser was about a car length away from the vehicle. Officer Lott further testified on redirect that the cruiser's headlights and the overhead lights illuminated anything inside the vehicle. There was testimony that Officer Lott and his partner confirmed that there was an active warrant for appellant's arrest, followed him and initiated a traffic stop. After stopping, appellant sped off at a high rate of speed and

ran through a number of red lights. There also was testimony that the roads were wet and that appellant was travelling well in excess of 70 miles per hour in a 25 mile per hour zone, posing a substantial risk of serious physical harm to persons or property. Officer Lott testified that if appellant had hit anything, "it would have been fatal." Trial Transcript at 122. While appellant, as stated above, maintains that Officer Lott's testimony was not credible, the jury, as trier of fact, was in the best position to assess his credibility. The jury clearly found Officer Lott credible.

{¶17} Based on the foregoing, we find that appellant's conviction for failure to comply with order or signal of a police officer is not against the sufficiency or manifest weight of the evidence.

{¶18} Appellant's sole assignment of error is, therefore, overruled.

{¶19} Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed.

By: Baldwin, J.

Farmer, P.J. and

Wise, J. concur.